UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **KYLE GARLICK**<br>**4160 Cambridge Avenue**<br>**Lorain, OH 44053**<br><br>        Plaintiff,<br><br>v.<br><br>**ICU SECURITY SOLUTIONS**<br>**c/o Nick Anthony**<br>**173 Sandstone Ridgeway**<br>**Berea, Ohio 44017**<br><br>        Defendant. | Case No.<br><br>Judge<br><br>**COMPLAINT**<br><br>**(Jury Demand Endorsed Herein**) |

## INTRODUCTION

1.      This Complaint alleges that Defendant did not pay Plaintiff for all hours worked, including overtime compensation for hours worked in excess of 40 per workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, R.C. § 4111.01, *et seq.*, Article II § 34(a) of the Ohio Constitution ("OMFWSA"), and R.C. § 4113.15.

## JURISDICTION AND VENUE

2.      This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b), *et seq*.

3. Venue is proper under 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

4. At all material times, Plaintiff was a resident of Lorain County, Ohio.

5. At all material times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and R.C. § 4111.03(D)(3).

6. At all material times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 206-207.

7. At all material times, Defendant was a corporation registered to conduct and that regularly conducted business in Ohio.

8. At all material times, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and R.C. § 4111.03(D)(2).

9. At all material times, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

10. At all material times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

## FACTUAL ALLEGATIONS

11. Defendant is a for-profit company specializing in the installation of fire and security systems, and is headquartered in Berea, Cuyahoga County, Ohio.

12. From November 21, 2023 through September 12, 2024, Defendant employed Plaintiff as an installation and service technician.

13. Defendant classified Plaintiff as non-exempt from the FLSA's compensation requirements.

14. Defendant paid Plaintiff on an hourly basis.

15. Plaintiff's job duties included but were not limited to installing and servicing fire and security systems.

16. Plaintiff did not have set hours but would receive text messages with his work location each day.

17. Defendant required Plaintiff to clock in and out on Mobile Clock, a time-keeping app on Plaintiff's phone.

18. Despite routinely working over 40 hours per week, Defendant only paid Plaintiff for 40 hours.

19. As a result of Defendant's practices and policies, Defendant did not compensate Plaintiff for all the time he worked.

20. As a result of Defendant's practices and policies, Defendant did not compensate Plaintiff for all compensable time he worked in excess of 40 hours per week at a rate of not less than one and one-half times the regular rate at which he was employed.

**(Failure to Promptly Pay)**

21. More than 30 days have passed since Plaintiff's regularly scheduled paydays for the work he performed for Defendant.

**(Failure to Keep Accurate Records)**

22. Upon information and belief, Defendant failed to make, keep, and preserve records of the unpaid work Plaintiff performed.

**(Defendant Willfully Violated the FLSA)**

23. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COUNT I
### (FLSA Violations)

24. Plaintiff incorporates by reference the foregoing allegations.

25. Defendant's practice and policy of failing to pay Plaintiff overtime compensation at the rate of one and one-half the regular rate of pay for all of the hours worked over 40 each workweek violated the FLSA, 29 U.S.C. § 201, *et seq*.

26. In addition, Defendant's practice and policy of not paying Plaintiff for all hours worked violated the FLSA.

27. Defendant's failure to keep accurate records of the hours Plaintiff worked each workday and workweek violated the FLSA, 29 C.F.R. § 516.2(a)(7).

28. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

29. As a result of Defendant's practices and policies, Plaintiff has been damaged in that he had not received wages due to him pursuant to the FLSA.

## COUNT II
### (OMFWSA Violations)

30. Plaintiff incorporates by reference the foregoing allegations.

31. Defendants' practice and policy of not paying Plaintiff overtime compensation at the rate of one and one-half times the regular rate of pay for the hours worked over 40 each workweek violated the OMFWSA, R.C. §§ 4111.03 and 4111.10.

32. In addition, Defendant's practice and policy of not paying Plaintiff for all hours worked violated the OMFWSA, R.C. § 4111.14.

33. Defendant's failure to keep accurate records of the hours Plaintiff worked each workday and workweek violated the OMFWSA, R.C. §§ 4111.03 and 4111.08.

34. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the OMFWSA.

35. As a result of Defendant's practices and policies, Plaintiff has been damaged in that he has not received wages due pursuant to the OMFWSA.

## COUNT III
**(Ohio's Prompt Payment Act, R.C. § 4113.15; Failure to Render Pay by Regular Payday)**

36. Plaintiff incorporates by reference the foregoing allegations.

37. During all relevant times, Defendant failed and continue to fail to make wage payments to Plaintiff, as outlined above, within thirty days of when such payments were due, as required by R.C. § 4113.15.

38. By failing to make these wage payments within thirty days of when such payments were due, Defendants have violated R.C. § 4113.15.

39. As a result of Defendant's violations of R.C. § 4113.15, Plaintiff is entitled to certain relief, including back wages and liquidated damages for each violation for each pay period.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court find Defendant liable and:

A. Award Plaintiff actual damages for unpaid wages;

B. Award Plaintiff liquidated damages equal in amount to the unpaid wages found due under the FLSA;

C. Award liquidated damages for each untimely paycheck, calculated pursuant to R.C. § 4113.15;

D. Award Plaintiff pre- and post-judgment interest at the statutory rate;

E. Award Plaintiff attorneys' fees, costs, and disbursements; and

F.        Grant Plaintiff further and additional relief as this Court deems just and proper.

                Respectfully submitted,

                /s/ *Robert B. Kapitan*
                Robert B. Kapitan (0074327)
                Anthony J. Lazzaro (0077962)
                The Lazzaro Law Firm, LLC
                The Heritage Building, Suite 250
                34555 Chagrin Boulevard
                Moreland Hills, Ohio 44022
                Phone: 216-696-5000
                Facsimile: 216-696-7005
                robert@lazzarolawfirm.com
                anthony@lazzarolawfirm.com

                Plaintiff's Attorneys

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

                /s/ *Robert B. Kapitan*
                Robert B. Kapitan (0074327)

                One of Plaintiff's Attorneys